

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 22, 1939

Honorable Dwight Whitwell
Assistant County Attorney
Collin County
McKinney, Texas

Dear Sir:

Opinion No. 0-457
Re: Is a W.P.A. Worker employed
on a county road project
driving a county truck, and
drawing his wages from the
Federal Government exempt from
procuring a chauffeur's li-
cense under Section 5 (b) of
Article 6687a, Vernon's Anno-
tated Civil Statutes.

We are in receipt of your letter of March 9
requesting an opinion of this department on the follow-
ing situation:

"The State Highway Patrolmen has filed
a case against a man in this county for driv-
ing a truck without a chauffeur's license.
This man is a W. P. A. worker employed on a
road project in this county. The truck which
he was driving is part of the equipment owned
and furnished by the county as required by the
Federal government in carrying on this work
program. The wages of the employee are paid
by the federal government itself and in view
of the above provisions exempting persons in
the service of the United States, there is a doubt
in our minds as to whether or not a W. P. A. work-
er may be required to secure a chauffeur's license."

The statutory definition of a "chauffeur" is contained in paragraph (g), Section 1 of Article 6687a, Vernon's Annotated Civil Statutes, popularly known as the "driver's license law". It reads as follows:

"Chauffeur. Any person who operates a motor vehicle for any purpose, whole or part time, as an employee, servant, agent, or independent contractor, whether paid a salary or commission; and every person who operates a motor vehicle while such vehicle is in use for hire or lease."

Section 2 of Article 6687a, supra, requires that "all chauffeurs" be licensed in the following language:

"On and after April 1, 1936, no person except those expressly exempt under this Act, shall drive any motor vehicle upon a highway in this State unless such person on application has been licensed as an operator or chauffeur by the department under the provision of this Act."

Section 3 of the Act designates those persons who are exempt from payment of chauffeur's license.

Subdivision (b) of Section 3 provides as follows:

"Every person in the service of the United States and when furnished with a driver's permit and when operating an official motor vehicle in such service shall be exempt from license under this Act."

The question briefly is whether or not a W.P.A. worker on a county road project, driving a county truck, and drawing a federal pay check, is within the coverage of this exemption.

Without construing the phrases "in the service of the United States" and "furnished with a driver's permit", we reach the conclusion that the W. P. A. worker in the present instance is not exempt because of the facts

presented he fails to meet one of the essential conditions of the exemption provision. It is stated he is driving a county-owned motor vehicle or truck. It is our opinion that by the words "official motor vehicle in such service" the Legislature plainly means a Federal Government owned car. In order to reap the benefit of the exemption, the person claiming the privilege must meet all pre-requisites. Failure to qualify on one of three counts is fatal in this instance. We have a situation where to miss by an inch is tantamount to missing by a mile. Holding as we do that the third requirement of the exemption is not fulfilled, it is unnecessary for us to go further and pass on other criteria of this particular exemption.

You are advised that a W.P.A. worker on a county road project, drawing his pay from the United States Government, and driving a county-owned truck is not exempt from obtaining a chauffeur's license under Section 3 (b) of Article 6687a, Vernon's Annotated Civil Statutes, because he is not "operating an official motor vehicle" within the exemption provision, "official motor vehicle" meaning a Federal Government owned car in this particular subdivision of Section 3 of the Act.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    (Signed)

Dick Stout
Assistant

DS:FG

APPROVED:
Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee
By RWK, Chairman.